UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-170-H

DONNA BARKER and
JANET deKALANDS, on behalf of themselves
and all other similarly situated individuals                                    PLAINTIFFS

V.

FAMILY DOLLAR, INC.                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Donna Barker and Janet deKalands ("Plaintiffs"), were employees of Family Dollar, Inc. ("Defendant"). Their First Amended Complaint makes several claims on behalf of Plaintiffs and all other similarly situated Family Dollar employees in Kentucky, alleging violations arising solely under Kentucky's Wages and Hours laws. KRS 337.010, *et seq*. Count I contains a claim for overtime compensation; Count II claims the right to statutory rest periods; Count III claims compensation "for all wages earned;" Count IV claims compensation for "work done on the seventh day."

Defendant has moved to dismiss Count I of the complaint – failure to pay overtime – on the grounds that Kentucky's overtime statute contains an exclusion for retail stores employees whose "principal duties are connected with the selling, purchasing, and distributing of merchandise," and that the exclusion applies to Plaintiffs. *See* KRS 337.285(2)(a). Plaintiffs object on the grounds that their duties as store managers do not include "purchasing" merchandise.

For the reasons that follow, the Court denies Defendant's motion to dismiss Count I of

Plaintiffs' Amended Complaint.

I.

The First Amended Complaint contains the following assertions that are relevant to the current motion.

Plaintiffs were employed by Family Dollar as store managers. Generally, store managers spend 80 to 90 percent of their time performing manual labor tasks, such as stocking shelves, running the cash register, unloading trucks and cleaning the store. (Plaintiffs' Amended Complaint, ¶ 14). They do not have discretion in many areas of store operations. (*Id.* at ¶ 14). Store managers routinely share their limited managerial duties, such as ordering merchandise, controlling store keys, opening and closing the store, depositing money in banks, and approving checks, refunds, and returns, with hourly employees. (*Id.* at ¶ 19). Consequently, their duties are virtually indistinguishable from those of assistant store managers. (*Id.* at ¶ 39).

In all their duties, store managers must strictly comply with Defendant's corporate manuals and they operate under strict payroll budgets. (*Id.* at ¶¶ 14, 36). Although store managers order merchandise, they lack discretion over merchandise selection. (*Id.* at ¶ 24). The cash registers inform Defendant's computer system of every sales transaction, and based on sales, selling history and current inventory, the system determines the amount of goods needed to operate the store. (*Id.* at ¶ 25). Each store also orders merchandise on pre-ordered days for pre-assigned delivery. (*Id.*).

Most importantly for our purposes, Defendant's policy is that store managers are not paid overtime. (*Id.* at ¶¶ 15, 78). Defendant paid Plaintiffs a salary based on a 48-hour work week. (*Id.* at ¶ 78). Plaintiffs regularly work in excess of 48 hours per week, often working seven days

a week, and were not compensated for overtime work. (*Id*. at ¶¶ 78-79). Plaintiffs allege that, by denying them overtime compensation, Defendant violated Kentucky's overtime pay requirement contained in KRS 337.285.

II.

The pertinent provisions of the Kentucky's overtime compensation statute state:

> (1) No employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he is employed.
>
> (2) This provision shall not apply to the following:
>
> (a) Employees of retail stores engaged in work connected with selling, purchasing, and distributing merchandise, wares, goods, articles, or commodities

*KRS 337.285*.

The Kentucky Administrative Regulations ("KAR") clarify the exclusions in KRS 337.285, stating:

> Section 4. Exemptions from Overtime. (1) Employees of retail stores whose principal duties are connected with selling, purchasing, and distributing of goods
>
> (2) Employees of a retail store whose principal duties are not connected with the selling, purchasing, and distributing of the goods will not be considered as exempt employees

803 KAR 1:075-4.[1]

Defendant's argument is quite simple. It says that subsection (2)(a) excludes Plaintiffs and all of those similarly situated. That statute exempts retail store employees "engaged in work

---

[1] The commentary to 803 KAR 1:075 explains that the function of the regulation is to define the exclusions in KRS 337.285. *See 803 KAR 1:075, cmt.*

connected with the selling, purchasing, and distributing" of merchandise. KRS 337.285(2)(a). Plaintiffs do not deny that they are engaged in work connected with the selling and distributing of merchandise.[2] They claim that, however, purchasing merchandise is not one of their principal duties. There are no Kentucky cases which discuss the meaning of the statute or regulation in our context.

III.

The question presented is whether Family Dollar retail store managers performing duties such as Plaintiffs are exempt from Kentucky's overtime pay requirement. The Kentucky regulations defining the overtime pay exclusions state that only retail employees whose "principal duties are connected with...purchasing...of goods" are excluded from receiving overtime pay. 803 KAR 1:075-4. The first part of the Court's analysis concerns the meaning of the "principal duties" language found in 803 KAR 1:075-4, and the second part of the Court's analysis concerns the "connected with" language found in both KRS 337.285(2)(a) and 803 KAR 1:075-4.

Although the KAR does not define "principal duties," those duties certainly must concern matters of importance. A retail store can not function without merchandise. Plaintiffs' own complaint mentions that ordering merchandise is one of their managerial duties. (Plaintiffs' Amended Complaint, ¶ 19). Plaintiffs say that they had little or no discretion in selecting most merchandise and that, from time to time, they shared the duty with hourly employees. However,

---

[2] Interestingly, in their complaint, Plaintiffs allege that they "did not engage in work connected with selling . . . purchasing . . . [or] distributing any merchandise, wares, goods, articles or commodities. (¶¶ 75-77). However, in their brief, they do not make any such argument regarding the selling and distributing of merchandise. Also, the Court will assume that only employees who engage in all three activities–selling, purchasing and distributing merchandise–are exempt from the overtime compensation statute.

Plaintiffs' arguments do not take away from the importance of ordering merchandise as a duty and responsibility. Moreover, it appears the manager could have some responsibility related to ordering merchandise at a pre-set time (*Id.* at ¶ 25).

Though Plaintiffs say that Defendant has not demonstrated that Plaintiffs' duties were connected to the purchasing of merchandise, Plaintiffs' own complaint may prove otherwise. The plain meaning of the "connected with" language found in both the KRS and the KAR that would apply to the exclusion may well be the key to the exemption question. Plaintiffs spent 80 to 90 percent of their time performing manual labor tasks, including running the cash register. (*Id.* at ¶ 14). Plaintiffs explain that the registers inform Defendant's computer system of every transaction, and that the system uses that information as well as the current inventory level to determine the quantity of merchandise to be ordered. (*Id.* at ¶ 25). The KAR does not define "connected with." However, should Plaintiffs' responsibilities for ordering merchandise and tracking supplies prove to be true, then such duties are clearly connected with purchasing merchandise. In fact, it has a direct relationship with purchasing merchandise. Because responsibility for cash register sales was one of Plaintiffs' principal duties, it is probably connected with, or has a direct relationship with, purchasing merchandise under Defendant's system.

Clearly, the thrust of this analysis is that Plaintiffs may be exempt from the overtime pay provisions of Kentucky's wage and hour law. However, the mere pleadings present a close question. More important, the pleadings leave significant gaps which would allow the Court to make a more informed decision. The Court will be in a better position to decide the important issue of the statutory exemption based upon a more complete understanding of the facts.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED at this time.

cc: Counsel of Record